DOUCET, Judge.
This is an appeal from an action for disavowal of paternity instituted by plaintiff, David Lee McMullen, and against Janelle Fairchild McMullen and her minor child. An attorney-Curator was appointed to represent the child. After a hearing, the trial court granted the disavowal in favor of the plaintiff, declaring that the child is not the child of David McMullen. The mother and the curator of the child appealed. We remand for a new trial.
Janelle asserts as error the trial court’s finding that the plaintiff met the required burden of proof for disavowal. She also appeals the judgment requiring that she pay one-third of the court costs.
The pertinent law on disavowal of paternity as concerns us in this case, is as follows:
LSA-C.C. art. 186,
“Presumption of paternity, negation
The husband of the mother is not presumed to be the father of the child if another man is presumed to be the father.”
LSA-CC. art. 187, before its amendment in 1989, read as follows:
“The husband can disavow paternity of a child if he proves by a preponderance of the evidence any facts which reasonably indicate that he is not the father.”
LSA-C.C. art. 187, was amended by Acts 1989, No. 790, § 1, the amendment. It became effective after the petition for disavowal was filed in the present case, but before the judgment was signed. The article as amended now reads:
“Action in disavowal, burden of
proof
The husband can disavow paternity of a child if he proves by a preponderance of the evidence, facts which reasonably indicate that he is not the father. However, these facts must be susceptible of independent verification or of corroboration by physical data or evidence, such as scientific tests and verifiable physical circumstance of remoteness, including but not limited to any one of the following:
(1) Negative blood tests.
(2) Unmatched DNA prints.
(3) Sterility.
(4) Physical impossibility because of location during the time of conception.
*927 (5) Any other scientific or medical evidence which the court may deem relevant
under the circumstances.”
The new article does not change the law. The appellant argues that it applies to the present case.
David McMullen filed suit on March 23, 1989, to divorce Janelle, and to disavow his paternity of her child. At the trial David testified that he was not the father of the child, and that he never formally or informally acknowledged it. He also testified that he and his wife physically separated on or about August 1, 1987, and that they never reconciled. David said that he did not know the exact date that the child was born but believed it to be in September or October of 1988, about one year after their separation.
Janelle’s testimony at trial indicated that she and David had lived together on occasion since their physical separation, sometimes days at a time, and while she was pregnant with the child. David denied that.
Janelle, in her answer to the petition, as well as in her testimony at trial, admitted that David was not the father of the child. At the trial she testified, referring to David, as follows:
“A. I never told him he was the father.
Q. And you have no objection to him disavowing the paternity of that child
A. No sir.
Q. ... because he’s not the father of the child?
A. No sir.
# * sjt * # *
Q. You do admit that the child is not the child of David Lee McMullen?
A. Yes sir.
Q. Do you know who — you know who the father of the child is?
A. Yes sir.
Q. Is he presently supporting the child?
A. No sir.”
When asked by the Court who the father was, she replied:
“BY THE COURT:
And your testimony under oath that this — that Mr. McMullen is not the father of this child?
A. I never told him he was. No, he’s not.
I didn’t ask you that. Who is the father of that child?
A. Who is the father of him (sic)?
Yes.
A. Of [the child — sic]?
Yes.
A. Russell Ivy Bailey.”
On the basis of this testimony the trial court granted judgment for David, declaring that he was not the father of the child.
Although conceding that in both her pleadings and her testimony she admitted that David was not the father, Janelle on appeal relies on the contention that the evidence was legally insufficient to amount to a preponderance of proof that David was not the father. She cites the testimony showing that she and David could have cohabited, and the conflict in their testimony that they did cohabit. Based on this, she urges that La.C.C. art. 187 requires that the proof of facts which reasonably indicate that David was not the father must be susceptible of corroboration by physical data or evidence, and that there was no such corroboration offered in this case.
The 1989 amendment to C.C. art. 187 codified language used by our Supreme Court in Mock v. Mock, 411 So.2d 1063 (La.1982), interpreting the article before its amendment. The Supreme Court in Mock said at p. 1066:
[W]e conclude that the type of facts that the Legislature intended to be sufficient to rebut the paternity presumption are facts susceptible of independent verification, or of corroboration by physical data or evidence, such as scientific tests and the verifiable physical circumstance of remoteness. In the absence of proof of these types of facts, the presumption of paternity will not be overcome. Testimony by the husband that he did not have sexual intercourse with his wife, notwithstanding that he had ample opportunity, would generally be of probative value, *928 but it is not proof of the kind of facts the article contemplates. (Footnote omitted.)
As applied to this case, this language may be interpreted to mean that David’s testimony that he did not have sexual intercourse with Janelle during the time of conception, while having some probative value, would be insufficient proof by itself to overcome the presumption of paternity, as a matter of law. As to the question of what more proof is required, the answer may be found in C.C. art. 187: the fact (in this case the admission that there was no sexual intercourse) must be susceptible of independent verification or of corroboration by physical data or evidence. Here, the mother, in her pleadings and her testimony, stated that David was not the father. Her testimony could be interpreted as independent verification of David’s testimony that he was not the father.
Moreover, La.C.C. art. 1853 appears to be applicable to the facts:
“A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.”
The Second Circuit in Harris v. Louisiana Paving Co., Inc., 427 So.2d 1352 (La. App. 2nd Cir.1983), stated that “An express waiver made in court or preparatory to trial by a party or his attorney conceding for the purposes of the trial the truth of some alleged fact, has the effect of a con-fessory pleading, in that the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it and the other is not allowed to disprove it. This is what is commonly termed a ‘judicial admission’ or ‘stipulation.’ It is a substitute for evidence in that it does away with the need for evidence.”
In a recent Supreme Court decision, Sudwischer v. Estate of Paul Hoffpauir, 589 So.2d 474 (La.1991), a woman filed suit to establish filiation to her deceased natural father. She sued under La.R.S. 9:396, which made her burden of proof by “clear and convincing evidence.” The issue was whether she could force a blood test of a legitimate daughter of the deceased. The legitimate daughter would not voluntarily submit to a test. The court ordered that the daughter submit to a blood test. However, alternatively, the court said that the blood test would not be necessary if Rosemary (the daughter/testee) would concede a relationship to Alana (the plaintiff who was seeking to establish filiation).
From this, it appears that if a concession by a sibling of a sibling relationship has evidentiary force equal to a favorable blood test, then the admission of a mother that a certain man was not the father of her child, should have sufficient evidentiary force to establish a disavowal of paternity.
However, the paucity of evidence in this case makes such a determination difficult. The record does not indicate the exact date of the child’s birth, nor does it indicate times during which remoteness of the parties could be verified. There were no blood or DNA tests.
Faced with the scarcity of evidence, and in the interest of justice, the judgment will be set aside and the case remanded for a new trial. The parties will have the opportunity at the new trial to introduce any evidence desired or appropriate under La. C.C. art. 187.
Costs of this appeal are to be paid by the appellee.
JUDGMENT SET ASIDE; CASE REMANDED FOR NEW TRIAL.
GUIDRY and KNOLL, JJ., concur and assign reasons.